UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DARCY BELYEA,

                Plaintiff,

           v.

THE CITY OF GLEN COVE and
TIMOTHY TENKE *in his individual and official
capacities*,

                Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-5675 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Darcy Belyea commenced the above-captioned action on November 20, 2020,

against Defendants the City of Glen Cove (the "City") and Timothy Tenke, in his individual and

official capacity as the mayor of Glen Cove.  (Compl., Docket Entry No. 1)  Plaintiff alleged

claims of gender discrimination, retaliation, hostile work environment, and free speech violations

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and 42 U.S.C.

§ 1983, based on her workplace environment and her termination as Recreation Director from

the City during Tenke's tenure as mayor.  (*Id.* ¶¶ 10, 26, 115–27.)

      On May 14, 2021, the City and Tenke separately moved to dismiss the Complaint,[1] and

on August 22, 2022, the Court granted in part and denied in part the Defendants' motions (the

---

[1]  (City's Mot. to Dismiss ("City's Mot."), Docket Entry No. 12; City's Mem. in Supp. of
City's Mot. ("City's Mem."), Docket Entry No. 12-2; City's Reply in Further Supp. of City's
Mot. ("City's Reply"), Docket Entry No. 17; Tenke's Mot. to Dismiss ("Tenke's Mot."), Docket
Entry No. 13; Tenke's Mem. in Supp. of Tenke's Mot. ("Tenke's Mem."), Docket Entry No. 13-
10; Tenke's Reply in Further Supp. of Tenke's Mot. ("Tenke's Reply"), Docket Entry No. 18.)

"August 2022 Decision").  (Aug. 2022 Decision, Docket Entry No. 19.)  On September 1, 2022,

Plaintiff filed a motion for reconsideration of the August 2022 Decision pertaining to Plaintiff's

NYSHRL claims against Tenke.[2]  (Pl.'s. Mot. for Recons., Docket Entry No. 22; Pl.'s Mem. in

Supp. of Pl.'s Mot. for Recons. ("Pl.'s Recons. Mem."), Docket Entry No. 22-1.)  Defendants

filed a joint opposition on September 12, 2022, and Plaintiff replied on September 14, 2022.

(Defs.' Mem. in Opp'n to Pl.'s Mot. for Recons. ("Defs.' Opp'n"), Docket Entry No. 23; Pl.'s

Reply in Supp. of Mot. for Recons. ("Pl.'s Reply"), Docket Entry No. 25.)

 For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration.

**I.  Background**

 In the August 2022 Decision, the Court found, *inter alia*, that Plaintiff's claims against

Tenke under the NYSHRL failed because Plaintiff did not allege a NYSHRL claim against the

City.  (*See* Aug. 2022 Decision 36–37.)  Relying on New York state law, the Court found that

"[i]n order for a defendant to be liable as an aider and abettor under section 296(6) [of the

NYSHRL], a plaintiff must first establish the existence of a primary violation of the NYSHRL

by an employer or principal."  (*Id.* at 35 (citing *Kelly G. v. Bd. of Educ. of City of Yonkers*, 952

N.Y.S.2d 229, 232 (App. Div. 2012) (other citations omitted).)  The Court concluded that

because Plaintiff "fail[ed] to allege a NYSHRL claim against the City," she "failed to establish

the existence of a primary violation of the NYSHRL by an employer."  (Aug. 2022 Decision 36.)

Therefore, Plaintiff's claims against Tenke under the NYSHRL failed, and the Court dismissed

Plaintiff's NYSHRL hostile work environment and retaliation claims against Tenke.  (*Id.* at 36–

---

[2]  Plaintiff filed an Amended Complaint on August 31, 2022.  (Am. Compl., Docket
Entry No. 20.)  Plaintiff's motion for reconsideration solely concerns her claims under the
NYSHRL which remain unchanged in the Amended Complaint.  (*Compare* Compl. ¶¶ 124, 127
*with* Am. Compl. ¶¶ 124, 127.)

37.)

## II.  Discussion

### a.  Standard of review

"The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

It is thus well-settled that a motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple."  *United States v. Brown*, No. 21-122, 2021 WL 5872940, at *1 (2d Cir. Dec. 13, 2021) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)).  "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'"  *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

### b.  The Court denies Plaintiff's motion for reconsideration

Plaintiff seeks reconsideration of the Court's determination that she failed to adequately allege NYSHRL claims of hostile work environment and retaliation against Tenke because she did not allege NYSHRL claims against the City.  (*See* Pl.'s Mot. for Recons.; Pl.'s Recons.

3

Mem. 1.)  In support of the motion, Plaintiff argues that (1) it was clear error for the Court to determine that Plaintiff failed to plead a NYSHRL claim against Tenke because the "law is well settled in this Circuit that individuals with supervisory authority . . . are individually liable as employers," (Pl.'s Recons. Mem. 2–3), and (2) it was clear error for the Court to determine that Plaintiff's NYSHRL claim against Tenke was procedurally barred because "courts throughout the Second Circuit" have held that "a procedural bar to seeking liability against an employer does not prevent claims against an employee in his individual capacity," (*id.* at 6 (quoting *Johnson v. County of Nassau*, 82 F. Supp. 3d 533, 537 (E.D.N.Y. 2015)).

Defendants argue that the Court did not commit clear error because (1) Tenke was never Plaintiff's employer, (Defs.' Opp'n 3–4), and (2) New York state law is clear that an individual "cannot be held liable as an aider and abettor because an individual cannot aid and abet [their] own conduct," (*id.* at 4–6).[3]

### i.   Individual liability

Historically, under the NYSHRL, liability for employment discrimination could be imposed on an individual "if the individual qualifies as an 'employer.'"  *Bonaffini v. City Univ. of New York*, No. 20-CV-5118, 2021 WL 2895688, at *2 (E.D.N.Y. July 9, 2021) (quoting *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 57 (2d Cir. 2012)); *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Under the [NYSHRL], in contrast, liability for employment discrimination may be imposed on individuals."); *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011) (distinguishing Title VII, where an individual cannot be

---

[3]  Defendants also argue that Plaintiff is not entitled to raise new arguments in a motion to reconsider and that "Plaintiff provides no basis for not previously presenting this argument to the Court," besides stating that Plaintiff's counsel "either misunderstood or missed" Tenke's argument.  (Defs.' Opp'n 1–2; Pl.'s Recons. Mem. 4–5.)  Because the Court concludes that Plaintiff's reconsideration motion fails on other grounds, it does not address this argument.

held personally liable, from the NYSHRL). In *Doe v. Bloomberg, L.P.*, however, the New York Court of Appeals ruled that the NYSHRL "does not render employees liable as individual employers." 36 N.Y.3d 450, 458 (2021); *see also Bueno v. Eurostars Hotel Co., S.L.*, No. 21-CV-535, 2022 WL 95026, at *7 (S.D.N.Y. Jan. 10, 2022) ("Under a recent decision by the New York Court of Appeals, a corporate employee – even its owner and CEO – no longer qualifies as an "employer" under [the New York City Human Rights Law and NYSHRL]."). Some courts in the Second Circuit have extended *Bloomberg, L.P.*'s reasoning to the public employment context including New York Department of Corrections and Community Supervision supervisors and city university employees. *See, e.g.*, *Stevenson v. N.Y.S. Dep't of Corr.*, No. 21-CV-355, 2022 WL 179768, at *21 (W.D.N.Y. Jan. 20, 2022) ("First, Plaintiffs argue that [DOCCS supervisor] can be liable as an 'employer' because of his supervisory position. As discussed above, *Doe v. Bloomberg* precludes such individual liability on that theory."); *Bonaffini*, 2021 WL 2895688, at *2 ("In a recent opinion, however, the New York Court of Appeals clarified that the NYSHRL 'does not render employees liable as individual employers.' That statement forecloses 'employer' liability in this case." (quoting *Bloomberg L.P.*, 36 N.Y.3d at 457)); *see also Huffman v. Brooklyn Coll.*, No. 20-CV-06156, 2022 WL 43766, at *3 (E.D.N.Y. Jan. 5, 2022) ("[T]he court agrees with Judge Cogan's reasoning in *Bonaffini*. In short, [college provost] may be held liable as an aider and abettor even if not as an 'employer[.]'").

Under the "narrow meaning of employer under the [NYSHRL]," *Bloomberg, L.P.*, 36 N.Y.3d at 458, Tenke cannot be held individually liable as an employer. Tenke was an employee of the City under New York state law and therefore he was not Plaintiff's employer. *See* N.Y. Exec. Law. § 292(5) ("[A] city . . . shall be considered an employer of any employee or official, including any elected official, of such locality's executive[.]").

Plaintiff's arguments to the contrary are unavailing. To the extent that Plaintiff relies on cases preceding *Bloomberg L.P.* for the proposition that an individual "may be liable under the NYSHRL as [an] employer," those cases are no longer good law as applied to the facts of this case involving a city employee. (Pl.'s Recons. Mem. 2–3.) Recognizing as much, Plaintiff's reply recasts her argument to solely focus on the "aiding and abetting" theory under which individuals can still be held personally liable under the NYSHRL. (*See* Pl.'s Reply 2–4.)

ii.   **Aiding and abetting liability**

As discussed in the August 2022 Decision, in order for a defendant to be held liable as an aider and abettor under N.Y. Exec. Law § 296(6), a plaintiff must first establish the existence of a primary violation of the NYSHRL by an employer or principal. *See Forrest v. Jewish Guild for the Blind*, 786 N.Y.S.2d 382, 397 (2004); *Kelly G. v. Bd. of Educ. of City of Yonkers*, 952 N.Y.S.2d 229, 232 (App. Div. 2012); *Strauss v. N.Y. State Dep't of Educ.*, 805 N.Y.S.2d 704, 709 (App. Div. 2005); *Baldwin v. Bank of Am., N.A.*, 984 N.Y.S.2d 630 (Sup. Ct. 2013); *see also Benson v. Otis Elevator Co.*, 557 F. App'x 74, 77 (2d Cir. 2014); *Falbaum v. Pomerantz*, 19 F. App'x 10, 15 (2d Cir. 2001); *Day v. MTA N.Y.C. Trans. Auth.*, No. 17-CV-7270, 2021 WL 4481155, at *14 (S.D.N.Y. Sept. 30, 2021) ("[L]iability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor." (alteration in original) (quoting *Jain v. McGraw-Hill Cos., Inc.*, 827 F. Supp. 2d 272, 277 (S.D.N.Y. 2011))); *Mereigh v. N.Y. & Presbyterian Hosp.*, No. 16-CV-5583, 2017 WL 5195236, at *7 n.11 (S.D.N.Y. Nov. 9, 2017); *Irons v. Bedford–Stuyvesant Cmty. Legal Servs.*, No. 13-CV-4467, 2015 WL 5692860, at *32 (E.D.N.Y. Sept. 28, 2015); *White v. Pacifica Found.*, 973 F. Supp. 2d 363, 378 (S.D.N.Y. 2013). This principle applies even when the defendants are entities. *See Francis v. Kings Park Manor, Inc.*, 91 F. Supp. 3d 420, 434 (E.D.N.Y. 2015)

6

("Under [section] 296(6), an individual or entity must 'actually participate[] in the conduct giving rise to a discrimination claim' to be held liable." (quoting *DiPilato v. 7–Eleven, Inc*., 662 F. Supp. 2d 333, 353 (S.D.N.Y. 2009))), *aff'd en banc*, 992 F.3d 67, 70 (2d Cir. 2021).

Despite *Bloomberg L.P.*'s broad proclamation that "the [NYS]HRL does not render employees liable as individual employers," federal courts in this Circuit have maintained that an aiding and abetting theory of liability still permits an individual employee to be held liable as an employer.  *See Bonaffini*, 2021 WL 2895688, at *2  ("Nevertheless, both the NYSHRL and NYCHL offer a second type of individual liability. The NYSHRL makes individuals liable for 'aid[ing], abet[ting], incit[ing], compel[ling] or coerc[ing] the doing of' a discriminatory act." (quoting N.Y. Exec. Law § 296(6))); *see also Keles v. Davalos*, No. 19-CV-3325, 2022 WL 17495048, at *22 (E.D.N.Y. Nov. 23, 2022) (finding that the plaintiff's allegations "still meet the minimal threshold needed to survive a motion to dismiss, and [the defendant] had enough participation to qualify as an aider and abettor [under the NYSHRL]" (citation omitted)); *Huffman*, 2022 WL 43766, at *3 ("In short, [college provost] may be held liable as an aider and abettor even if not as an 'employer.'").

In the August 2022 Decision, the Court did not hold that Plaintiff's NYSHRL claim against Tenke failed because Plaintiff was procedurally barred from bringing the claim against the City.  Instead, the August 2022 Decision stated that, "[i]n order for [Tenke] to be liable as an aider and abettor under section 296(6), [Plaintiff] must first establish the existence of a primary violation of the NYSHRL by an employer or principal."  (Aug. 2022 Decision 25.)  The Court concluded that "Plaintiff has failed to establish the existence of a primary violation of the NYSHRL by an employer, and therefore her claims against Tenke fail[ed]."  (*Id.* at 36.)

Therefore, the Court's decision was in line with the holding in *Johnson*, 82 F. Supp. 3d at 535.[4]

*See Sanchez v. L'Oreal USA, Inc.*, No. 21-CV-3229, 2022 WL 1556402, at *7 (S.D.N.Y. May 17, 2022) ("In fact, the *Johnson* court recognized that the plaintiff's obligation of first proving the liability of the employer remains, since it is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting." (internal quotation marks and citation omitted)).

As the Court determined in the August 2022 Decision, Plaintiff has failed to establish the existence of a primary violation of the NYSHRL by the City. Neither the Complaint, nor the Amended Complaint, allege an aider and abettor theory under the NYSHRL, stating only that "Defendant, Tenke, was Belyea's supervisor and as such, is Belyea's employer under the NYSHRL." (Compl. ¶¶ 124, 127; Am. Compl. ¶¶ 124, 127.) Because Plaintiff fails to adequately allege a primary violation of the NYSHRL by the City, her claims against Tenke under the NYSHRL fail. Accordingly, the Court denies Plaintiff's motion for reconsideration.

---

[4] Plaintiff's reliance on *Johnson* is unavailing because *Johnson*'s central holding states that a plaintiff can prove the liability of an employer even if the employer is not a party to the case. *Johnson v. County of Nassau*, 82 F. Supp. 3d 533, 537 (E.D.N.Y. 2015); *see also Sanchez v. L'Oreal USA, Inc.*, No. 21-CV-3229, 2022 WL 1556402, at *7 (S.D.N.Y. May 17, 2022) ("At most, *Johnson* stands for the proposition that "a procedural bar to seeking liability against an employer does not prevent claims against an employee in his individual capacity." (citation omitted)). In *Johnson*, an individual defendant requested reconsideration of the court's decision regarding the NYSHRL claim against him because the court had dismissed claims against his employer. *Johnson*, 82 F. Supp. 3d at 535. The individual defendant argued that because an employee can only be found liable under an aiding and abetting theory if the employer is found liable, and the employer could not be found liable, the NYSHRL claim against him could not proceed. *Id.* The *Johnson* court ruled against the individual defendant and held that "a plaintiff can still prove involvement by the employer even if the employer is procedurally dismissed from the case (or is not brought as a defendant at all)." *Id.* at 537. However, the "absence of the employer as a party . . . does not relieve plaintiff of its obligation . . . of first proving the liability of the employer." *Id.*

**III.   Conclusion**

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration.

Dated:  February 9, 2023
        Brooklyn, New York

SO ORDERED:


          /s/ MKB
MARGO K. BRODIE
United States District Judge